UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY WEAVER,** *ET AL.* | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-595** |
| **JOHN L. MURRY,** *ET AL.* | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS ORDERED** that defendants' unopposed Motion to Dismiss defendant Jerry White (Document 15) is **GRANTED**, and plaintiffs' claim against White is **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs' Motion to Remand (Document 7) is **DENIED**.

A.      Background.

On September 13, 2005, a vehicle driven by John Murry changed lanes on Interstate 10 and collided with a vehicle driven by Jerry White, killing three of White's passengers.  Plaintiffs Betty Weaver and Terrell Perkins, the heirs of the decedents, have sued defendants White, Murry, and the First Baptist Church of New Braunfels, Murry's employer.

Defendants subsequently removed this action based on diversity of citizenship. Defendants allege that each of the plaintiffs is a citizen of Louisiana each defendant is a citizen

1

of Texas. Although White was a resident of Louisiana, defendants allege that he relocated to Texas following Hurricane Katrina, and is a citizen of Texas. Additionally, defendants allege that White was fraudulently joined, and his citizenship is irrelevant in establishing whether diversity exists.

Pending before the court are defendants' unopposed motion to dismiss plaintiffs' claim against White for lack of service, and plaintiffs' motion to remand.

**B.     Analysis.**

   **1.     Defendants' unopposed motion to dismiss plaintiffs' claim against defendant White (Document 15)**.

Under Rule 4(m) of the Federal Rules of Civil Procedure, if service is not made within 120 days after the filing of the complaint, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . ." Defendants removed this case over 120 days ago,[1] and the record does not contain a return of service for defendant White. Plaintiffs have not filed an opposition to defendants' motion, and have not requested additional time to serve White. Additionally, although White has submitted an affidavit regarding his domicile in connection with plaintiffs' motion to remand, defendants argue that White is represented by an attorney in the same office as counsel for plaintiffs, and that plaintiffs have no intention to pursue their claim against White. Accordingly, plaintiffs' claim against White is dismissed without prejudice.

---

[1] There is contrary authority concerning whether the 120-day period commences from the date the case began in state court or the date it was removed. *Compare Barnes v. Barnes*, 2004 WL 575767, at *5 (N.D. Tex. Feb. 25, 2004) (using date of removal); *with Mabon v. Park One of Louisiana, Inc.,* 2001 WL 877530, at *1 (E.D. La. Aug. 2, 2001) (using date of filing in state court). In this case, 120 days have passed from both of these commencement dates.

**2.     Plaintiffs' Motion to Remand (Document 7).**

Because White has been dismissed, complete diversity currently exists, and the court has jurisdiction under 28 U.S.C. § 1332.  Pretermitting the issue of improper joinder, when defendants removed this case, complete diversity did not exist.  Under the time-of-filing rule, "all challenges to subject matter jurisdiction premised upon diversity of citizenship" are generally governed by "the state of facts that existed at the time of the filing – whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).  However, the Supreme Court has recognized a longstanding exception to the time-of-filing rule:  because the necessity of complete diversity *at the time of removal* is a statutory requirement rather than a jurisdictional necessity,[2] if the nondiverse party is subsequently dismissed and only diverse parties remain, the lack of complete diversity at the time of removal does not require remand.  *Id.* at 574; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 73-74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).  The decision whether to retain the case even though complete diversity did not exist at the time of removal is governed by considerations of finality, efficiency, and economy.  *Caterpillar*, 519 U.S. at 476.  Essentially, these considerations "trump[] the error" of lack of complete diversity at the time of removal, so long as diversity later exists.  *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998).

This case has been pending in federal court for over four months, and the parties are actively engaged in discovery.  If the court were to give dispositive weight to the White's

---

[2]     *See* 28 U.S.C. 1441(a).

citizenship at the time of removal, the parties would need to conduct additional jurisdictional discovery regarding whether White was a citizen of Texas or a citizen of Louisiana even though White has already been dismissed as a party.[3]  Should the court remand the case due to lack of complete diversity at the time of removal, defendants could potentially remove the case again. Accordingly, considerations of efficiency and economy mandate denying plaintiffs' motion to remand.  *See Dale v. First American Nat'l Bank*, 370 F. Supp.2d 546, 551 n. 4 (S.D. Miss. 2005) (holding that necessity of conducting jurisdictional discovery relating to status of dismissed party and possibility of re-removal following remand justified denying motion to remand under *Caterpillar*).

**C.     Conclusion.**

Defendants' unopposed motion to dismiss is granted, and plaintiffs' claim against defendant Jerry White is dismissed without prejudice under Rule 4(m).  Plaintiffs' motion to remand is denied.

New Orleans, Louisiana this  21st  day of June, 2006.

_____
**Mary Ann Vial Lemmon**
**United States District Judge**

---

[3] *See* Document 18 (requesting additional time to conduct discovery into improper joinder issue).