UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY WEAVER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0595** |
| **JOHN L. MURRY, ET. AL.** | **SECTION "S" (1)** |

### ORDER AND REASONS

**IT IS ORDERED** that the motion for summary judgment (Rec. Doc. 40) filed by John L. Murray and First Baptist Church of New Braunfels is **GRANTED**.

### BACKGROUND

Plaintiffs[1] filed suit in Civil District Court for the Parish of Orleans, State of Louisiana against John L. Murray, the driver of the van owned by First Baptist Church of New Braunfels, and Jerry White. The plaintiffs brought suit on behalf of their deceased relatives who were involved in a fatal auto accident on September 13, 2005 in Acadia Parish, Louisiana when they were passengers in a car driven by White. The plaintiffs claim that the accident occurred when a white van, pulling a trailer, driven by Murray moved into the lane where White was traveling, and that White lost control as he attempted to avoid a collision.

Murray and First Baptist removed the case to this Court based on diversity jurisdiction.

---

[1] The plaintiffs in this case are Betty Weaver, on behalf of her deceased daughter, Owinder Taylor, and her deceased grandson, Korey Taylor, and Terrell Perkins individually and on behalf of his sister, Tremaine Perkins, and his deceased mother, Everdia Perkins.

Subsequently, those two defendants filed a motion for summary judgment, arguing that there is no evidence to establish their van was involved in the accident. The defendants' motion for summary judgment is now before the Court. (Rec. Doc. 40).

## DISCUSSION

### A. Standard of Review

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit, and an issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

If the moving party meets its initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on

the merits warranted. *Anderson*, 106 S.Ct. 2505, 2511 (1986).

**B.     Analysis**

Defendants argue that plaintiffs cannot carry their burden of proof at trial to show that defendants were involved in the accident. Defendants argue that their being included in this lawsuit is based on their van being erroneously stopped near the Louisiana/Texas border. Immediately following the accident, law enforcement was notified by radio to be on the lookout for a green van pulling a utility trailer. Murray was stopped by the state police at 1:11 p.m. at milepost 12. His name, license number and description of his vehicle were radioed to the officials investigating the accident, and Murray was released to continue on.

According to affidavits of Murray and his passengers, Wes Massey, Charles Dean, and Larry Soape, they were all returning from Mississippi following a Hurricane Katrina relief mission and were traveling from Lafayette to Welsh in a white van when they were stopped by a Louisiana State Trooper.[2] Murray, Massey, Dean, and Soape state that on the date of the accident their trip was uneventful, and they were not involved in an automobile accident.[3]

According to the official records of the Acadia Parish Communications District (911), the first call about the auto accident was received at 12:32 p.m.[4] The Acadia Parish Sheriff's Office records indicate the location of the accident was at Milepost 86 or 87 in the eastbound lane of I-10.[5]

---

[2] Affidavit of John Murray, defendants' exhibit 7; Affidavit of Wes Massey, defendants' exhibit 8; Affidavit of Charles Dean, defendants' exhibit 9; Affidavit of Larry Soape, defendants' exhibit 10.

[3] *Id.*

[4] Acadia Parish Communications District records, defendants' exhibit 1.

[5] *Id.*

According to the radio logs of the Louisiana State Police, at 1:11 p.m. (or thirty-nine minutes after the 911 call), Murray, while driving a white van and pulling a utility trailer, was pulled over by Louisiana State Police in the westbound lane of I-10 at Milepost 12, near the Louisiana/Texas boarder.[6]

Two witnesses to the accident reported seeing a green van, while White reported being forced off the road by a white van. The location of the accident is identified by different documents as milepost 82, 83, 86, and 87. The final police report does not state the relevant mile marker but only identifies the location by reference to other landmarks. The time of the accident is reported as 12 noon to 12:40 p.m. and 12:20 p.m. to 1:00 p.m. The 911 operator reports receiving the call reporting the accident at 12:32 p.m. Defendants have submitted the report of accident reconstruction expert, Michael Gillen, who has explained that had Murray been involved in the accident, he would have had to have been traveling at a speed of 114 miles per hour to reach milepost 12 just thirty-nine minutes after the accident at mile post 86.[7]

Defendants have provided this Court with evidence sufficient to support their allegation that Murray was not involved in the accident. The burden shifts to plaintiffs to come forward with specific facts in the summary judgment record sufficient for a reasonable fact finder to decide in their favor.

Plaintiffs argue that material facts exist to preclude summary judgment and the factual disputes must be resolved by a jury. Plaintiffs point to the typed narrative included in the police

---

[6] Louisiana State Police, Troop D, radio log, defendants' exhibit 5.

[7] Affidavit of Michael Gillen, defendants' exhibit 6.

report which states that White's vehicle was cut off by a white van pulling a green trailer.[8] Plaintiffs also argue that the correct mile marker where the accident occurred is unresolved. Plaintiffs argue that there is no evidence whether the mile markers provided by 911 callers were markers at the accident scene or markers being passed by the callers when at the time that they called in.

Plaintiffs do not challenge Gillen's findings that the speed required to travel from mile marker 86 to mile marker 12 is 39 minutes. They question whether the time of the accident and the time that Murray was stopped are accurately recorded. They argue that Gillen relies on the radio logs of the state troopers, but the logs do not indicate whether the time noted was when the white van was first stopped or first seen by the trooper.[9] Moreover, the time notations on the documents submitted by defendants are notations made by the Acadia Sheriff's Office, Acadia Ambulance Service, and State Police Troop I, which are not uniform time sources, the clocks and watches used by those groups could differ, and plaintiffs assert that even minor differences could change the formula used to calculate whether it was possible for defendant to be at the scene of the accident.

Disputed facts must be material, and plaintiffs cannot carry their burden by resting on conclusory allegations or unsubstantiated assertions. Although plaintiffs dispute things such as the exact mile marker of the accident and the exact time that the state trooper stopped defendants, the plaintiffs offered no evidence of the actual location of the accident, which could have been determined by reference to the landmarks referred to in the reports. The plaintiffs have not alleged that additional discovery is required in this case, and they have not indicated that they will have any

---

[8]Final accident report, defendants exhibit A, attached to affidavit of Captain Olinger, exhibit 11.

[9]Louisiana State Police, Troop D, radio log, defendants' exhibit 5.

more evidence at trial then they have at this time to support their burden of proof.  Plaintiffs have not challenged the authenticity of the logs and reports supplied as evidence by defendants.  The plaintiffs' speculations on what time differences may have existed on various clocks are not enough to enable them to carry their burden at trial to identify the defendants' vehicle as being involved in the accident.  This Court cannot say there is sufficient evidence favoring the plaintiffs such that a jury could return a verdict for them.

## **CONCLUSION**

For the above-stated reasons, the defendants' motion for summary judgment is granted.

New Orleans, Louisiana, this __30th__ day of April, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**